IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED ARNOLD,<br><br>    Petitioner,<br><br>    v<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br><br>    Respondent.<br>_____/ | No C-09-5324 VRW (PR)<br><br>ORDER TO SHOW CAUSE; GRANTING REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERS<br><br>(Doc #14) |

Petitioner, a state prisoner incarcerated at the California State Prison in Solano, California, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254. Doc #1. He also seeks leave to proceed in forma pauperis under 28 USC section 1915. Doc #14.

I

Petitioner entered a no contest plea in San Mateo County superior court to possession of cocaine and misdemeanor resisting arrest and admitted the truth of a 1981 prior conviction, which was alleged as a "strike" under California's Three-Strikes law. At

sentencing, after petitioner moved unsuccessfully to dismiss the strike allegation, the trial court imposed a sentence of sixteen months for the conviction of possession of cocaine, which the court doubled pursuant to the Three Strikes law, for a total term of thirty-two months. Doc #1 at 27. Petitioner unsuccessfully appealed the judgment to the California court of appeal and the Supreme Court of California. Id at 2 & 27-36. The instant federal petition followed.

II

A

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243.

B

Petitioner seeks federal habeas corpus relief by raising a claim that there was insufficient evidence to prove that his prior conviction qualified as a "strike" and that the trial court therefore erred in using it to double his prison term. Specifically, petitioner claims that his 1981 prior conviction was for grand theft, which does not qualify as a "strike," rather than

2

robbery, which does. Liberally construed, this claim appears cognizable under § 2254 and merits an answer from respondent. See Zichko v Idaho, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**III**

For the foregoing reasons and for good cause shown,

1. Petitioner's request for leave to proceed in forma pauperis is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer.

4. In lieu of an answer, respondent may file a motion to

3

dismiss on procedural grounds as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen (15) days of receipt of any opposition.

     5.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner also must keep the court and all parties informed of any change of address.

IT IS SO ORDERED.

**VAUGHN R WALKER**
**United States District Chief Judge**

G:\PRO-SE\VRW\HC.09\Arnold-09-5324-osc.wpd