IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED ARNOLD,<br><br>    Petitioner,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION,<br><br>    Respondent. | No. C 09-05324 JW (PR)<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS AND<br>CERTIFICATE OF APPEALABILITY |

## **I. INTRODUCTION**

This matter is now before the Court for consideration of Fred Arnold's ("Petitioner") pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254[1] concerning his 2008 conviction in Santa Clara County Superior Court. For the reasons set forth below, the Petition is DENIED as to all claims. In addition, no certificate of appealability will be issued.

---

[1] Hereafter, "Petition," Docket No. 1.

## II. BACKGROUND

In 2008, Petitioner entered a no-contest plea to cocaine possession and resisting arrest. Clerk's Transcript ("CT")[2] at 58. As part of his plea bargain, he also admitted that he suffered a 1981 robbery conviction for the purposes of sentencing under the There Strikes Law, id., and the prosecution dismissed an additional charge of possession of a smoking device and an alleged enhancement for prior prison terms served, id. at 33. The trial court sentenced him to sixteen months for the conviction of possession of cocaine and doubled it under the Three Strikes Law for the prior robbery conviction, for a total sentence of thirty-two months.[3] Id. at 56.

On December 17, 2008, the California Court of Appeal affirmed petitioner's sentence. (Docket No. 17, Exh. 9.) On January 26, 2009, Petitioner sought review in the California Supreme Court. (Docket No. 17, Exh. 10.) On March 11, 2009, the California Supreme Court denied review. (Docket No. 17, Exh. 11.) The instant Petition followed.

## III. STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." White v. Lambert, 370 F.3d 1002, 1009–10 (9th Cir. 2004), overruled on other grounds by

---

[2] The Clerk's Transcript has been lodged by the Respondent at Docket No. 18, Exh. 1.

[3] California's Three Strikes law is set forth in California Penal Code section 667(b)-(i). The heart of the Three Strikes law is subdivision (e) of section 667, which prescribes increased terms of imprisonment for defendants who have previously been convicted of certain "violent" or "serious" felonies, see Cal. Penal Code § 667(d). A defendant with one prior felony conviction (also referred to as a "second strike" defendant), such as Petitioner, receives "twice the term otherwise provided as punishment for the current felony conviction." Cal. Penal Code § 667(e)(1).

Hayward v. Marshall, 603 F.3d 546, 552 (9th Cir. 2010) (en banc).  Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Under AEDPA, federal habeas corpus relief will only be granted with respect to claims adjudicated on the merits if a state court's decision was either 1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254 (d)(1)–(2).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412–13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411.

A federal district court reviews the last reasoned state court opinion which, in this case, is the opinion issued by the California Court of Appeals.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  AEDPA has imposed a "highly deferential" standard for evaluating state court rulings and "demands that state-court decisions be given the benefit of the doubt."  Woodford v. Visciotti, 537 U.S. 19, 24

1  (2002) (per curiam) (internal quotations and citations omitted). A "state prisoner
2  must show that the state court's ruling on the claim being presented in federal court
3  was so lacking in justification that there was an error well understood and
4  comprehended in existing law beyond any possibility for fairminded disagreement."
5  Harrington v. Richter, 131 S. Ct. 770, 786–87 (2011). Federal habeas relief will be
6  granted only if, after an independent review of the record, the court determines that
7  the state court was objectively unreasonable in its application of controlling federal
8  law or in its determination of the facts. See Taylor v. Maddox, 366 F.3d 992,
9  999–1000 (9th Cir. 2004).

## IV. DISCUSSION

Petitioner contends that there was insufficient evidence to qualify his 1981 conviction as a strike under the Three Strikes Law. Under California law, a sentence can properly be enhanced under the Three Strikes law by a prior serious felony conviction. A prior conviction is a "serious felony" that counts as a strike for sentence enhancement purposes if it is a crime listed in either Cal. Penal Code §§ 667.5(c) or 1192.7(c). See Cal. Penal Code § 1170.12(b)(1). A robbery (defined at Cal. Penal Code § 211) is considered a serious felony for the purpose of sentence enhancement under the Three Strikes Law. See Cal. Penal Code §§ 667.5(c)(9) and 1192.7(c)(19). Grand theft (defined at Cal. Penal Code § 487) is not considered a serious felony for the purposes of sentence enhancement under the Three Strikes Law. Petitioner argues that his 1981 conviction was for grand theft, and not for robbery. The state appellate court rejected his claim as follows:

> The record before us shows that [Petitioner] was charged with a prior "conviction or juvenile adjudication on or about 05/19/1981 of the crime of Penal Code section 211," within the meaning of section 1170.12, subdivision (c)(1). At the change of plea hearing on September 4, 2007, [Petitioner] submitted a change of plea form that indicated he admitted the "prior of 211 PC," but "reserves right to challenge legal sufficiency of prior admitted." He then entered a plea of no contest to two of the three charged offenses, and admitted the "special allegation" that he suffered a "conviction or juvenile adjudication May 19, 19[8]1, in

4

violation of Penal Code section 211" for purposes of sentencing under section 1170.12, subdivision (c)(1). Defense counsel also noted, "So the record is clear, we are challenging that what we delineated in the plea form is beyond the basis of Romero. It goes to the legal sufficiency of that prior in and of itself." The court found "[Petitioner] guilty and the special allegations true" based on the plea and admissions.

At the subsequent hearing on [Petitioner's] "Romero motion," defense counsel asserted that "there was some ambiguity" in the record as to the nature of the 1981 prior conviction "being 211 or 487." Counsel conceded that an "abstract of parole violation" indicated the conviction was "a 211," as did the "plea form," but asserted that "everything else," including the "official RAP sheets," indicates "that it was a 487 and not a strike." The defense asked the trial court to consider the "ambiguity" in the nature of the prior conviction and the "age of the prior itself," as the bases upon which to grant the Romero motion. The court denied the Romero motion, but in light of the "de minimus amount of narcotics" found in [Petitioner's] possession, imposed the mitigated term of 16 months, which was doubled, for a total state prison sentence of 32 months.

I. The Evidence that the 1981 Conviction Qualifies as a Strike.

We first examine the evidence to support the finding that the prior conviction was for robbery rather than grand theft, so as to qualify for use as a strike under section 1170.12, subdivision (b)(1). As a threshold matter, [Petitioner's] admission as part of his plea presents an obstacle to his challenge to the evidentiary support for the prior conviction finding. [Petitioner] "is bound by that admission." (People v. Bow (1993) 13 Cal.App.4th 1551, 1558.) A plea or admission admits every element of the charge, and is binding even if all of the elements of a serious felony were not actually present. (See People v. Wallace (2004) 33 Cal.4th 738, 749; People v. Stanworth (1974) 11 Cal.3d 588, 604–605; People v. Cortez (1999) 73 Cal.App.4th 276, 281.) [Petitioner] cannot argue the sufficiency of the evidence as to an allegation he admitted. (People v. Cortez, supra, at p. 281; People v. Guerrero (1993) 19 Cal.App.4th 401, 407–408.) In light of [Petitioner's] express stipulation as to the factual basis of his admission and acknowledgement that the offense constituted a strike as alleged, we are not free to look beyond the plea and examine the evidence to determine if the prior conviction constitutes a strike. (See People v. French (2008) 43 Cal.4th 36, 51–52; People v. Wallace, supra, at p. 750.) That [Petitioner] obscurely expressed a reservation of the right to challenge the "legal sufficiency of that prior in and of itself" as "beyond the basis of Romero,"[4] does not alter or render conditional the very definitive admission as part of his plea that he suffered a prior strike conviction "within the meaning of Penal Code section 1170.12(c)(1)." The simple, straightforward principle at work is this: [Petitioner] cannot admit the prior strike conviction to obtain the benefits of his negotiated plea, then claim the evidence does not prove it.

---

[4]We concede that we do not know what defense counsel meant by that reference.

5

Further, [Petitioner] did not move in the trial court to challenge the sufficiency of the evidence of the prior conviction, either before or after his plea. His motion to "dismiss [the] 'strike' prior allegation" was based solely on the authority granted to the court under Romero "to strike allegations of prior felony convictions to prevent a miscarriage of justice." Thus, at the hearing on the motion the prosecution had no reason to present evidence to prove the nature of the alleged prior strike conviction, particularly in light of [Petitioner's] prior admission. In response to defense counsel's assertion of the "ambiguity" of the prior conviction as a basis for granting the Romero motion, the prosecution remarked, "we have secured the documents, including certified prior and abstract of commitment to CDC, and it all says that it is a 211 conviction including the plea form." While those documents were never admitted as evidence in the trial court,[5] [Petitioner] cannot now claim lack of evidence in support of the prior strike conviction where he admitted the allegation in his plea and neither presented a specific objection that the prior conviction was not supported by the evidence nor sought to set aside the plea on the ground of a lack of factual basis for the admission. "'"No procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."' [Citations.] 'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]' [Citations.]" (In re Sheena K. (2007) 40 Cal.4th 875, 880-881, quoting from United States v. Olano (1993) 507 U.S. 725, 731.) It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily addressed by the opposing party and corrected or avoided. (People v. French, supra, 43 Cal.4th 36, 46; People v. Kennedy (2005) 36 Cal.4th 595, 612; People v. Vera (1997) 15 Cal.4th 269, 276.)

In any event, [Petitioner's] admissions at the change of plea and Romero hearings are adequate under the circumstances to establish the truth of the prior conviction allegation. [Petitioner] not only made the binding admission he suffered the alleged prior strike conviction (People v. Bow, supra, 13 Cal.App.4th 1551, 1558), but counsel agreed that some of the documents – including the abstract of judgment and the plea form – indicated a robbery conviction, which conceded the prosecution possessed admissible evidence sufficient to prove guilt beyond a reasonable doubt and relieved the prosecution of the further burden of

---

[5]We have taken judicial notice of the documents, although since they were not admitted in evidence they cannot be considered as evidentiary support for any finding that [Petitioner] suffered the prior strike conviction as charged. We must surmise that, armed with the documents, the prosecution would have urged admission of them as evidence if [Petitioner] had sought to set aside his plea and specifically objected to the evidentiary support for the prior conviction finding. We observe only that the documents establish the alleged 1981 conviction was for robbery, not grand theft, and thus counsel was not incompetent for failing to specifically challenge the evidence of the prior conviction in the trial court. (See People v. Mendoza (2000) 24 Cal.4th 130, 171.)

> offering evidence of the existence of an element of the sentence enhancement. (See People v. Adams (1993) 6 Cal.4th 570, 582-583; Ricki J. v. Superior Court (2005) 128 Cal.App.4th 783, 792.) On appeal, where a defendant challenges the sufficiency of the evidence to sustain a finding that the prosecution proved all the elements of a charged enhancement, we must determine whether substantial evidence supports the finding, and in making this determination we review the record in the light most favorable to the judgment. (People v. Rodriguez (2004) 122 Cal.App.4th 121, 129; People v. Fielder (2004) 114 Cal.App.4th 1221, 1232.) We do not reweigh conflicts in the evidence, and a permissible inference drawn from the record before us is that the conviction was for the qualifying strike offense of robbery. (See People v. Ochoa (1993) 6 Cal.4th 1199, 1206; People v. Cochran (2002) 103 Cal.App.4th 8, 13.)

People v. Arnold, 2008 WL 5244997, *1–*3 (Cal. Ct. App. Dec. 17, 2008) (footnotes in original, renumbered). After an independent review of the record, the Court cannot say that the state court's decision was contrary to, or an unreasonable application of, clearly established federal law, or that it was an unreasonable determination of the facts.

### A.   **Procedural Default**

The Court first addresses whether Petitioner's argument is procedurally defaulted. Respondent argues that the state appellate court found that Petitioner's argument was procedurally barred by his admission during his guilty plea and by his failure to raise it before the trial court. Docket No. 17-1 at 5.

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729–30 (1991); see also Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim."). To be "independent", the state court must have explicitly relied on the state procedural rule. Harris v. Reed, 489 U.S. 255, 263 (1989). If the state law basis is interwoven with federal law, then a federal court may consider the petition. Id. at 265. To qualify as "adequate," "a state rule must be 'firmly established and regularly

7

followed.'" Walker v. Martin, 131 S. Ct. 1120, 1127 (2011). The state bears the burden of proving the adequacy of a state procedural bar. Bennett, 322 F.3d at 585–86.

The state court relied exclusively on state procedural rules in denying Petitioner's claim, stating that Petitioner could not "now claim lack of evidence in support of the prior strike conviction where he admitted the allegation in his plea and neither presented a specific objection that the prior conviction was not supported by the evidence nor sought to set aside the plea on the ground of a lack of factual basis for the admission." People v. Arnold, 2008 WL 5244997, *2. Moreover, as discussed below, both procedural bars are firmly established and regularly followed. Accordingly, these procedural rules bar federal habeas review.

The state court first applied the state procedural bar that a defendant's admission of a sentence enhancement allegation is deemed to constitute a judicial admission of the enhancement and therefore restricts a defendant's ability to challenge the conviction and sentence resulting from the admission:

> As a threshold matter, [Petitioner's] admission as part of his plea presents an obstacle to his challenge to the evidentiary support for the prior conviction finding. [Petitioner] "is bound by that admission." (People v. Bow (1993) 13 Cal.App.4th 1551, 1558.) A plea or admission admits every element of the charge, and is binding even if all of the elements of a serious felony were not actually present. (See People v. Wallace (2004) 33 Cal.4th 738, 749; People v. Stanworth (1974) 11 Cal.3d 588, 604–605; People v. Cortez (1999) 73 Cal.App.4th 276, 281.) [Petitioner] cannot argue the sufficiency of the evidence as to an allegation he admitted. (People v. Cortez, supra, at p. 281; People v. Guerrero (1993) 19 Cal.App.4th 401, 407–408.). . . The simple, straightforward principle at work is this: [Petitioner] cannot admit the prior strike conviction to obtain the benefits of his negotiated plea, then claim the evidence does not prove it.

People v. Arnold, 2008 WL 5244997, *2. This state procedural bar is well-established. For over thirty years, California courts have found that admissions of enhancements are subject to the same principles as guilty pleas. See People v. Jackson, 37 Cal. 3d 826, 836 (1985), overturned on other grounds by People v. Burton, 48 Cal. 3d 843, 863 (1989). A guilty plea admits every element of the

1   offense charged and the resulting conviction cannot be challenged later on the
2   grounds that there was insufficient evidence to support the conviction. People v.
3   Wallace, 33 Cal. 4th 738, 739 (2004); see also People v. Turner, 171 Cal. App. 3d
4   116, 125–26 (1985). Similarly, an admission of a sentence enhancement cannot be
5   later challenged on the grounds that there was insufficient evidence to support the
6   enhancement.

The state court also applied the contemporaneous objection rule (for failure to object at trial) in denying Petitioner's claim:

> Further, [Petitioner] did not move in the trial court to challenge the sufficiency of the evidence of the prior conviction, either before or after his plea . . . Thus, at the hearing on the [Romero] motion the prosecution had no reason to present evidence to prove the nature of the alleged prior strike conviction, particularly in light of [Petitioner's] prior admission . . . [Petitioner] cannot now claim lack of evidence in support of the prior strike conviction where he admitted the allegation in his plea and neither presented a specific objection that the prior conviction was not supported by the evidence nor sought to set aside the plea on the ground of a lack of factual basis for the admission. "'"No procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."' [Citations.] 'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]' [Citations.]" (In re Sheena K. (2007) 40 Cal.4th 875, 880–881, quoting from United States v. Olano (1993) 507 U.S. 725, 731.) It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily addressed by the opposing party and corrected or avoided. (People v. French, supra, 43 Cal.4th 36, 46; People v. Kennedy (2005) 36 Cal.4th 595, 612; People v. Vera (1997) 15 Cal.4th 269, 276.)

People v. Arnold, 2008 WL 5244997, *2. The "contemporaneous objection" rule has been recognized by the Ninth Circuit as an independent and adequate state rule which bars federal habeas review. See Inthavong v. Lamarque, 420 F.3d 1055, 1058 (9th Cir. 2005); Paulino v. Castro, 371 F.3d 1083, 1092–93 (9th Cir. 2004); Vansickel v. White, 166 F.3d 953, 957–58 (9th Cir. 1999).

Although Petitioner's claims are procedurally defaulted, federal habeas review is available if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

9

consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. To demonstrate a fundamental miscarriage of justice, a petitioner must establish factual innocence. See Wildman v. Johnson, 261 F.3d 832, 842–43 (9th Cir.2001). Petitioner does not argue, nor does the record support a finding of, cause or prejudice for the procedural default, so federal habeas review remains barred.

**B.    Sufficiency of the Evidence**

Even if Petitioner's claim had not been procedurally defaulted, it would still fail on the merits.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). A state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt states a constitutional claim, which, if proven, entitles him to federal habeas relief. See Jackson v. Virginia, 443 U.S. 307, 321, 324 (1979). In reviewing a state court decision, a federal court considers "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). After passage of AEDPA, a federal habeas court applies the standards of Jackson with an additional layer of deference. Juan H. v. Allen, 408 F.3d 1262, 1278-79 (9th Cir. 2005). A federal court inquires whether the operative state court decision reflected an unreasonable application of Jackson to the facts of the case. Id. at 1275 (quoting 28 U.S.C. § 2254(d)). Thus, if the state court affirms a conviction under Jackson, the federal court must apply § 2254(d)(1) and decide whether the state court's application of Jackson was objectively unreasonable. See McDaniel v. Brown, 130 S. Ct. 665, 673 (2010).

According to the record, Petitioner's change of plea form admitted that he

10

1 suffered a "change of a prior conviction of Cal. Penal Code § 211 (robbery),"
2 Docket No. 18, Exh. 2 at 6, see also id., Exh. 1 at 40, and the abstract of parole
3 violation and the plea form for the 1981 conviction reflect a robbery conviction, id.,
4 Exh. 3 at 4. Based upon this record, a rational trier of fact could have concluded that
5 Petitioner's 1981 conviction was for robbery. Accordingly, the state court's
6 rejection of Petitioner's sufficiency of the evidence claim was not contrary to, nor an
7 unreasonable application of, clearly established federal law, nor was it an
8 unreasonable determination of the facts in light of the evidence presented under
9 § 2254(d).

### C. **Validity of Guilty Plea**

In the alternative, Petitioner argues that his guilty plea is invalid. Petitioner argues that since the plea agreement allowed him to challenge the sufficiency of the 1981 robbery conviction, there was an implied condition that the sufficiency of Petitioner's prior conviction had to be decided without reference to the plea itself. (Docket No. 1 at 17.) According to Petitioner, Respondent breached the plea agreement by arguing that Petitioner's admission of the 1981 conviction as a strike as part of the guilty plea established the sufficiency of that conviction. (Id.) Petitioner argues that he should be allowed to withdraw his plea since Respondent's argument denied Petitioner the benefit of the plea agreement. (Id. at 18.)

That a petitioner is entitled to habeas relief if a prosecutor breaches a plea agreement is clearly established Supreme Court law within the meaning of 28 U.S.C. § 2254(d)(1). Gunn v. Ignacio, 263 F.3d 965, 969–70 (9th Cir. 2001) (citing Santobello v. New York, 404 U.S. 257, 262 (1971)). However, there is no right to withdraw a guilty plea after sentencing unless a manifest injustice would result. United States v. Nagra, 147 F.3d 875, 880 (9th Cir. 1998) (quoting United States v. Baker, 790 F.2d 1437, 1438 (9th Cir. 1986)). "There can be no manifest injustice in refusing to permit a defendant to withdraw a guilty plea when there is no serious contention that the defendant is innocent of the crimes charged." Id. (citing Baker,

11

790 F.3d at 1438).

Here, Petitioner first sought to withdraw the guilty plea in his petition for review to the California Supreme Court, approximately a year after he was sentenced. (Docket No. 18, Exh. 10 at 7.) There is no manifest injustice since Petitioner does not allege that he is innocent of the crime charged, but rather challenges the legal sufficiency of the 1981 prior conviction.

To the extent that Petitioner is arguing that the plea agreement bound the state court to deciding the legal sufficiency of the 1981 conviction without reference to his plea, Petitioner's claim fails. Although fundamental fairness of due process requires that promises made during plea bargaining be kept, this rule is subject to the two conditions: the agent be authorized to make the promise and the defendant must rely to his detriment on that promise. See Johnson v. Lumpkin, 769 F.2d 630, 633 (9th Cir. 1985). A state prosecutor's promise cannot bind state courts. Cf. Johnson, 769 F.3d at 633.

In addition, as discussed above, the record establishes the legal sufficiency of the 1981 conviction as a strike for the purposes of sentencing under the Three Strikes Law.

## V. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

## **VI. CONCLUSION**

For the foregoing reasons, the Court DENIES the Petition for Writ of Habeas Corpus. A certificate of appealability will not be issued. Judgment shall be entered accordingly.

IT IS SO ORDERED.

DATED: August 2, 2012

JAMES WARE
United States District Chief Judge